## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANDY HOANG,<br>　　　　　Appellant,<br><br>　　　v.<br><br>OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DOCKET NUMBER<br>DC-844E-20-0727-I-1<br><br><br>DATE: July 26, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andy Hoang, Raleigh, North Carolina, pro se.

Jo Bell, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1　　The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed its denial of the appellant's application for disability retirement under the Federal Employees' Retirement System (FERS) and awarded him benefits. Generally, we grant petitions such as this one only in

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.  Except as expressly MODIFIED to find that the appellant met criterion (1) for determining eligibility for disability retirement benefits under FERS, we AFFIRM the initial decision.

## BACKGROUND

¶2 Effective August 27, 2018, the appellant was terminated from his position as a CG-11 Risk Examiner with the Federal Deposit Insurance Corporation (FDIC) for unacceptable performance.  Initial Appeal File (IAF), Tab 10 at 26. On February 7, 2019, he applied for FERS disability retirement benefits.  *Id.* at 37-50.  In his statement of disability, the appellant asserted that he suffered "from multiple medical disabilities" including, but not limited to, post-traumatic stress disorder (PTSD), severe anxiety, major depressive disorder with suicidal ideations, chronic fatigue syndrome, chronic hepatitis B, noted brain lesions, concentration deficits, and meningioma.  *Id.* at 43.  The appellant asserted that these medical conditions prevented him from "performing the highly demanding job of a Risk Examiner."  *Id.*  He further alleged that his medical conditions "debilitate[] [him] and make[] [him] non-functional" and various methods of treatment were ineffective.  *Id.*  OPM issued an initial decision denying the

appellant's application for FERS disability retirement benefits after finding that he did not meet all the criteria for disability retirement, and the appellant requested reconsideration. *Id.* at 12-21. He submitted additional documentation, but OPM issued a reconsideration decision sustaining its initial decision. *Id.* at 5-9.

¶3    The appellant filed an appeal with the Board challenging OPM's final decision and requesting a hearing. IAF, Tab 1 at 2, 4. Following a telephonic hearing, the administrative judge issued an initial decision reversing OPM's reconsideration decision and ordering it to grant the appellant's application for disability retirement. IAF, Tab 20, Initial Decision (ID) at 1, 9-10. The administrative judge determined that the appellant established that he became disabled while employed at FDIC. ID at 4-6. The administrative judge also found that the appellant's medical conditions prevented him from being in attendance at work and impacted his ability to perform the duties of his position. ID at 6-8. The administrative judge then found that the appellant established that his disabling medical condition was expected to continue for at least 1 year from the date the application for disability retirement was filed. ID at 8-9. The administrative judge further found that accommodation of the appellant is unreasonable and that he did not decline an offer of reassignment to a vacant position. ID at 9.

¶4    OPM has filed a petition for review to which the appellant has responded. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    In an appeal from an OPM decision on a voluntary disability retirement application, the appellant bears the burden of proof by preponderant evidence. *Christopherson v. Office of Personnel Management*, 119 M.S.P.R. 635, ¶ 6 (2013); 5 C.F.R. § 1201.56(b)(2)(ii). To be eligible for a disability retirement annuity under FERS, an appellant must establish the following elements: (1) he

completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, he became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) he did not decline a reasonable offer of reassignment to a vacant position. *Christopherson*, 119 M.S.P.R. 635, ¶ 6; 5 C.F.R. § 844.103(a).

¶6        As to criterion (1) for establishing entitlement to a FERS disability retirement annuity, the administrative judge acknowledged the appellant's testimony that he began Federal service with the FDIC in 2012 before resigning in 2017; however, the administrative judge made no explicit finding as to whether the appellant had 18 months of creditable civilian service. ID at 5. Therefore, we do so here. The appellant's individual retirement record supports his testimony that he had 5 years of creditable civilian service between August 2012 and September 2017. IAF, Tab 10 at 51. Thus, we find the appellant has proven he had the requisite creditable service. Regarding criteria (4) and (5), the administrative judge determined that accommodation of the appellant's disabling medical condition in his position was unreasonable and that the appellant did not decline an offer of reassignment to a vacant position. ID at 9. Moreover, OPM concedes on review that the appellant established criteria (1), (4), and (5) for establishing entitlement to FERS disability retirement benefits. PFR File, Tab 1 at 6.

¶7        Rather, OPM challenges the administrative judge's findings that the appellant established criteria (2) and (3) by preponderant evidence. *Id.* at 7-9. The administrative judge found that the appellant "established that he became disabled due to PTSD, Depression, and Hepatitis B while employed at FDIC,"

that his medical conditions prevented him from performing the duties of his position, and that his medical condition was expected to continue for at least 1 year after he filed his disability retirement application. ID at 4-9. As set forth below, we agree with the administrative judge's findings.

The appellant met criterion (2) because he proved by preponderant evidence that his medical condition resulted in a deficiency in performance.

¶8      OPM appears to argue that the appellant failed to prove by preponderant evidence that his medical conditions caused a service deficiency as to his attendance. PFR File, Tab 1 at 7. However, that is not the only way to establish the second criterion for establishing entitlement to disability retirement under FERS. An appellant may meet the statutory requirement that he "be unable, because of disease or injury, to render useful and efficient service in the employee's position" by showing that the medical condition caused a deficiency in performance, attendance, or conduct, as evidenced by the effect of his medical condition on his ability to perform specific work requirements, or that his medical condition prevented him from being regular in attendance or caused him to act inappropriately. *Christopherson*, 119 M.S.P.R. 635, ¶ 6 (2013). The administrative judge determined that the appellant met this requirement because "his PTSD and depression prevented him from being in attendance at work and prevented him from performing the duties of his position." ID at 6. As set forth below, we agree with the administrative judge that the appellant's medical conditions resulted in a deficiency in his performance as a Risk Examiner.

¶9      The appellant's position required him to perform complex, detail-oriented tasks, as noted by the administrative judge, including writing comments for reports, conducting examinations as part of a team, and communicating with bank management during the examinations. ID at 6-7. The appellant explained that, in April 2018, he began experiencing symptoms associated with his PTSD, including panic attacks, nightmares, paranoia, suicidal ideations, and anxiety which impacted his ability to perform his duties. IAF, Tab 19, Hearing Recording (HR)

(testimony of the appellant). He further asserted that he is still being treated for his PTSD and depression at the Department of Veterans Affairs (VA). *Id.* The administrative judge found the appellant's testimony credible and supported by the evidence in the record. ID at 6. It is well established that subjective evidence, i.e., testimony or written statements regarding symptoms that is submitted by the applicant, "may be entitled to great weight on the matter of disability, especially where such evidence is uncontradicted by the record." *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 23 (2012) (quoting *Chavez v. Office of Personnel Management*, 6 M.S.P.R. 404, 422 (1981)).

¶10        The objective medical evidence shows the appellant has been under the care of several medical professionals for various medical conditions, including PTSD and depression, and corroborates his claim that he could not perform his duties as a Risk Examiner due to his medical conditions. IAF, Tab 10 at 59-73; HR (testimony of the appellant). N.L., a Licensed Clinical Social Worker, treated the appellant for PTSD and depression from September 2018 to February 2020. HR (testimony of N.L.). She testified that he presented with "very severe symptoms" on his initial depression screener including, inter alia, impaired focus and concentration, fatigue, daily suicidal thoughts, nightmares from his time in the Army, paranoia, and panic attacks. *Id.* She also found that he was not employable the entire time he was under her care due to the severity of his symptoms. *Id.* In addition, as noted by the administrative judge, the appellant submitted a November 6, 2018 letter by N.L. stating that that "[e]ven with intense psychotherapy and medication therapy [the appellant] will likely experience mental health symptoms that will impede on his cognitive ability for many years." ID at 7; IAF, Tab 10 at 59. The administrative judge also considered a February 25, 2019 letter from D.L., a Psychiatric Nurse Practitioner, who continues to treat the appellant for PTSD and depression after he started treatment in December 2018. ID at 7; IAF, Tab 10 at 73. In the letter, D.L. asserted that

"[the appellant's] anxiety and depression were having a significant, negative impact on his daily function, sleep, drive, motivation and memory. He was struggling to engage in routine tasks and activities with planning and organization, which was creating basic problems for him regarding completion of tasks." IAF, Tab 10 at 73. D.L. further stated in his February 2019 letter that "[the appellant's] symptoms began to show some improvement in early January, but he continued to struggle with maintaining regular and purposeful routines. With ongoing treatment his symptoms have slowly begin to improve." *Id*.

¶11        OPM argues on review that the administrative judge improperly weighed the objective medical evidence cited above. PFR File, Tab 1 at 7. Specifically, OPM alleges that N.L.'s November 6, 2018 letter is contradictory to D.L.'s February 25, 2019 letter and that the administrative judge erred in assigning more probative weight to N.L.'s letter. *Id.* at 7-8. We disagree. In reaching his conclusion, the administrative judge properly weighed the medical evidence. ID at 4-8; *see Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 11 (2014) (recognizing that, in assessing the probative weight of medical opinions, the Board considers whether the opinion was based on a medical examination and provided a reasoned explanation for its findings as distinct from mere conclusory assertions, the qualifications of the expert rendering the opinion, and the extent and duration of the expert's familiarity with the treatment of the appellant), *overruled on other grounds by Haas v. Department of Homeland Security*, 2022 MSPB 36. Although D.L.'s letter indicates that the appellant's symptoms have slowly improved, it is not incongruous with the testimony or medical opinion of N.L. Contrary to OPM's assertion, D.L.'s letter is not inconsistent with N.L.'s testimony and statements because, as set forth above, D.L. explains that the appellant's PTSD and depression negatively impacted his ability to function. IAF, Tab 10 at 73. The administrative judge considered and cited the medical evidence provided by both providers in finding that the appellant's disability impacted his ability to work. ID at 7. He also found the objective

medical evidence was consistent with the subjective medical evidence and the testimony before him; therefore, we are not persuaded by OPM's challenge to the administrative judge's consideration of the relevant medical evidence.[2] *See Henderson*, 117 M.S.P.R. 313, ¶ 19 (explaining that the Board considers all pertinent evidence in determining an appellant's entitlement to disability retirement).

¶12    In addition, the appellant's supervisor indicated on his written statement in connection with the appellant's application for disability retirement that "[the appellant] was terminated from FDIC employment due to unacceptable job performance." IAF, Tab 10 at 49-50. The appellant also testified that he was placed on a performance improvement plan shortly before his termination because his leadership at FDIC found "[his] work was not focused, [he] don't [sic] have any concentration, [his] work was all over the place, [his] write up was all over the place." IAF, Tab 10 at 26-28; HR (testimony of the appellant). These contentions are supported by the appellant's letter of termination which states in relevant part that he has "been provided frequent feedback and counseling on [his] performance and work products, . . . issued multiple [d]evelopmental [f]eedback [f]orms which detailed [his] unacceptable work and provided suggestions for improvement. Despite this feedback and counseling, [his] performance has not improved." IAF, Tab 10 at 26. Viewing this evidence along

---

[2] In determining that the appellant established entitlement to disability retirement benefits, the administrative judge considered that the VA rated the appellant 100% disabled and found that he is entitled to "individual unemployability" because he is "unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities." ID at 5; IAF, Tab 12 at 14. While the award of VA disability benefits does not necessarily mandate that an applicant be granted a FERS disability retirement annuity, the Board must consider an award of such benefits when determining whether an appellant qualifies for a disability annuity under FERS. *Sachs v. Office of Personnel Management*, 99 M.S.P.R. 521, ¶¶ 10–12 (2005). Here, the medical evidence in the record corroborates the conclusion of the VA; therefore, we find the administrative judge appropriately considered the VA's disability rating and benefits determination.

with the appellant's objective medical evidence, the appellant's testimony that his medical conditions prevented from performing his job duties is of considerable evidentiary value. *See Newkirk v. Office of Personnel Management*, 101 M.S.P.R. 667, ¶ 16 (2006). Thus, we agree with the administrative judge that he proved by preponderant evidence that his medical conditions prevented him from performing the duties of the Risk Examiner position. ID at 7-8.

The administrative judge properly found the appellant's disabling medical condition is expected to continue for at least 1 year from the date he filed his application for disability retirement.

¶13 The administrative judge also found that his disabling medical condition lasted for more than 1 year after he filed his disability retirement application in February 2019, based partly on N.L.'s testimony that the appellant was unemployable in any capacity until February 2020. ID at 8; HR (testimony of N.L.). OPM argues that the medical opinion of N.L. establishes the appellant's symptoms were reportedly improving; therefore, his medical condition did not last for 1 year after he submitted his disability application. PFR File, Tab 1 at 9. We disagree. As noted above, the medical evidence consistently indicates that the appellant's PTSD and depression impaired his cognitive ability and impacted his ability to function, precluding him from performing his duties as assigned. ID at 4, 7; IAF, Tab 10 at 59-67, 72-73. Moreover, both objective and subjective medical evidence indicate that the appellant suffered from PTSD and depression and was still receiving treatment for his medical conditions until at least February 2020. IAF, Tab 10 at 59-67, 72-73; HR (testimony of the appellant and N.L.). We have considered OPM's arguments on review concerning the administrative judge's weighing of the evidence, but, as explained above, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. As such, we agree with the administrative judge that the appellant met his burden by preponderant evidence that his condition was expected to last 1 year after he filed his disability retirement application.

¶14    After considering all evidence in the record, we agree with the administrative judge's finding that the appellant established entitlement to disability retirement under FERS. Accordingly, we conclude that OPM has provided no basis for disturbing the initial decision.

## ORDER

¶15    We ORDER OPM to approve the appellant's application for disability retirement. OPM must complete this action no later than 20 days after the date of this Order.

¶16    We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶17    No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees

and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  <u>5 U.S.C. § 7702</u>(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7702</u>(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>Equal Employment Opportunity Commission<br>P.O. Box 77960<br>Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>Equal Employment Opportunity Commission<br>131 M Street, N.E.<br>Suite 5SW12G<br>Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                                            _____
                                            Jennifer Everling
                                            Acting Clerk of the Board
Washington, D.C.